IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN MCKENZIE, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CASCADE CAPITAL, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

1. Plaintiff Marilyn McKenzie brings this action to secure redress for the actions of defendant Cascade Capital, LLC, in placing automated calls to her cell phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and attempting to collect a debt that is not owed, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 15 U.S.C. §1692k. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendant:

   a. Has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Has transacted business in Illinois.

4. Venue in this District is proper for the same reason.

**PARTIES**

5. Plaintiff Marilyn McKenzie is a resident of Chicago, Illinois.

6. Defendant Cascade Capital, LLC ("Cascade") is incorporated under the laws of Delaware with its principal offices in Petaluma, California. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. Cascade is engaged in the business of acquiring and collecting defaulted consumer debts. That is its only business.

8. Cascade has an affiliate, Cascade Receivables Management, LLC, which states on its web site that:

   a. It "provides consulting, master servicing, and technology solutions to holders of illiquid and non-performing accounts receivable. By leveraging our expertise, you gain access to a select network of vendors, proven proprietary technology, and comprehensive liquidation solutions. Your assets will thrive under our careful guidance." (https://cascade365.com/companies/cascade-receivables/)

   b. It "provides AR specialty finance solutions through Cascade Capital; which purchases receivables or lends against them. In both instances, Cascade Capital provides up-front cash and liquidity to its healthcare and consumer finance clients." (https://cascade365.com/solutions/acquisitions-finance/)

**FACTS**

9. Plaintiff once owed a debt to Santander Consumer USA, Inc. ("Santander"). The debt was incurred primarily for personal, family or household purposes and not primarily for business purposes.

10. Santander sold the debt to Cascade.

11. Cascade then sold the debt to Resurgence Capital.

12. Plaintiff resolved the debt with Resurgence Capital in late 2016.

13. In early 2017, Cascade began calling plaintiff's cell phone for the purpose of collecting the debt once owed to Santander.

14. Cascade called numerous times. On the second occasion, plaintiff answered.

15. The call started with an automated or computer-generated message stating that if this was Marilyn McKenzie, please stay on the line, and then stating that an automatic payment on her loan with Santander was about to be made and to press a number to speak with a representative if there was a problem. Plaintiff was finally able to speak with a live person and asked them to stop calling, after which they hung up.

16. On a later occasion, Plaintiff was able to speak with a live person and was told the call was being placed on behalf of Cascade to collect a debt.

17. Plaintiff did not provide the cell phone number that Cascade called to Cascade or Santander at any time. It is a number that she obtained after she no longer had any dealings with Santander.

18. The use of an automated message made it difficult for plaintiff to connect with a live person and was annoying.

19. The attempt to collect a debt that was not owed was harassing and annoying.

### COUNT I – TCPA – CLASS CLAIM

20. Plaintiff incorporates ¶¶ 1-18.

21. The TCPA, 47 U.S.C. 227(b)(1), provides: **"It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States– (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . ."**

22. The TCPA, 47 U.S.C. §227(b)(3), provides:

    **Private right of action.**

    **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

    **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

    **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

    **(C) both such actions.**

    **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

23. Plaintiff and each class member is entitled to statutory damages.

24. Defendant violated the TCPA even if its actions were only negligent.

25. Defendant should be enjoined from committing similar violations in the future.

## **CLASS ALLEGATIONS**

26. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

27. The class consists of (a) all persons (b) whose cell phones Cascade Capital, Inc. called (c) and delivered a recorded or computer-generated message (d) during a period beginning four years prior to the filing of this action (e) at a number that neither Cascade Capital, Inc. nor Santander obtained from the person called.

28. Based on the use of automated equipment to deliver a message, the class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

29. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant placed calls to cell phones to deliver a recorded or computer-generated message;

    b. The manner in which defendant compiled or obtained its list of numbers;

    c. Whether defendant thereby violated the TCPA.

30. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business

practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

31. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

33. Numerous courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D. Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), later opinion, 2011 WL 211013, 2011 U.S. Dist. LEXIS 5763 (N.D. Ill. Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill. June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 WL 1932283, 2012 U.S. Dist. LEXIS 73983 (S.D. Cal. May 29, 2012). Other cases include *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D. Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed. App'x 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v.*

*Med'1 Online, LLC,* No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D. Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D. Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* No. 10 C 1315, 2010 WL 4074379 (N.D. Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D. Ill. 2008); *Clearbrook v. Rooflifters, LLC,* No. 08 C 3276, 2010 U.S.Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.,* No. 08-cv-4521, 2010 WL 744262 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D. Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La. App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind. App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* No. 4:12-CV-221 (CEJ), 2013 WL 275568 (E.D. Mo. Feb. 24, 2013).

  34. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

  WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

   a. Statutory damages;

   b. An injunction against further improper calls;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems just and proper

## COUNT II – FDCPA– INDIVIDUAL CLAIM

35.      Plaintiff incorporates paragraphs 1-32.

36.      Defendant violated the FDCPA, 15 U.S.C. §1692e, 1692e(2), and 1692e(10), and 1692f and 1629f(1), by attempting to collect a debt that was not owed.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      a.      Statutory damages;

      b.      Attorney's fees, litigation expenses and costs of suit;

      c.      Such other or further relief as the Court deems just and proper.

                    s/ Daniel A. Edelman
                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com